FIRST NATIONAL BANK OF HONEY GROVE v. J. H. BALDWIN.

Decided May 1, 1907.

**1.—Fraudulent Representations—Charge.**

In an action for damages by false representations alleged to have been made by defendant and his agent in procuring the contract, it was error to charge the jury that plaintiff must show such representations by defendant and his agent; making them by either was sufficient.

**2.—Same—Irrelevant Evidence.**

In an action to recover damages for false representations inducing the making of a contract evidence that plaintiff had endeavored to overreach or oppress defendant in the transaction and of advice given to defendant by his attorneys was not material to the issue and was prejudicial to plaintiff.

Appeal from the District Court of Fannin County. Tried below before Hon. Ben. H. Denton.

*Gross & Gross* and *McGrady & McMahon* for appellant.

*Thurmond & Steger* and *Baldwin & Christian,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellant brought this suit against appellee, seeking to recover damages on account of deceit alleged to have been practiced by appellee and his agent, J. C. Baldwin. Appellant alleged in its petition, that, appellee being indebted to it in a large sum of money, an agreement was entered into between them by which appellee was to convey to appellant certain tracts of land in Fannin County and 1,400 acres of land in Haskell County. It was alleged that appellee and his agent represented to appellant that he was the owner of and held the superior title to all the Haskell County land; that appellant was ignorant upon that subject, and relied upon such representations; that, in fact, he had no title to 400 acres of that land worth $3,200, and which was accepted by appellant at that price. The averments of deceit and fraud were much fuller than are here stated, and were sufficient, if true, to entitle the appellant to recover.

The defendant's answer contained special exceptions, a general demurrer, a general denial and a voluminous special plea, setting up appellee's version of the negotiations which culminated in the contract of settlement attached to appellant's petition.

The case was submitted to a jury upon special issues, which we regard as commendable practice, especially in cases of this kind. However, the defendant requested and the court gave the following instructions, which is assigned as error:

"The burden of proof is on the plaintiff to show that the defendant and J. C. Baldwin made false and fraudulent representations to the plaintiff's board of directors or to W. H. Gross and unless you believe that plaintiff complied with this burden you will answer all questions with reference to this matter against the plaintiff and in the negative."

We sustain appellant's second proposition under the assignment addressed to this charge, which is to the effect that it was error to instruct the jury that appellant could not recover, unless it showed by a preponderance of the evidence that both the defendant and his agent made false and fraudulent representations. The vice in this charge is the word "and" instead of "or," between the words "defendant" and "J. C. Baldwin." There was testimony tending to show that such representations were made, some of them by the defendant himself, others by his agent J. C. Baldwin, and some by both of them. Proof of misrepresentations made by either would have entitled the plaintiff to recover, yet the charge is susceptible of the construction that, in order for the plaintiff to recover, the burden rested upon it to show that fraudulent representations were made by both the defendant and his agent, and, for this reason, the charge was misleading and erroneous.

Appellant's brief contains several assignments of error complaining of rulings made by the court admitting certain testimony. Those which relate to testimony bearing upon the question of value, and those which relate to testimony bearing upon the issue of the settlement of the matter in controversy which was pleaded by appellee, are overruled. Those which complain of other testimony as irrelevant and immaterial, are sustained. The defendant did not in his answer seek affirmative relief upon the ground that he had been overreached or defrauded; and it was immaterial whether those who represented the plaintiff in the transaction referred to desired to get more of his property than they did, and the evidence admitted along that line should have been excluded. And the same may be said in reference to the testimony showing that the defendant was extensively engaged in the cotton business at Windon, and that before making the settlement with the plaintiff he conferred with his attorneys, and the advice given him by his attorneys. All such testimony was irrelevant and immaterial and should not have been admitted over objection, and some of it was calculated to prejudice the plaintiff with the jury.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and Remanded.*